**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROQUE DE LA FUENTE GUERRA,

 Plaintiff - Appellant,

v.

MAGGIE TOULOUSE-OLIVER,
New Mexico Secretary of State,

 Defendant - Appellee.

No. 18-2005
(D.C. No. 1:16-CV-00393-RB-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

Roque De La Fuente Guerra appeals the district court's order dismissing his complaint for lack of subject-matter jurisdiction and for failure to state a claim. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

Mr. De La Fuente Guerra wanted to be on the ballot for New Mexico's June 7, 2016, Democratic presidential primary. On March 4 of that year, he submitted

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

petitions containing more than 32,000 signatures to New Mexico's secretary of state. On March 28, the secretary informed him that not enough of those signatures were valid, and therefore he would not be on the ballot. On April 13, in response to Mr. De La Fuente Guerra's requests for further information, the secretary explained by letter that

> [s]ignatures that were not accepted contained at least one factor which made it impossible to identify the individual as a registered voter in New Mexico. Some of those factors include individuals not appearing in the voter registration database based upon the information provided, addresses not matching the registration record, illegible information on the petitions, and names not appearing as registered.

Aplee. App. at 20. The April 13 letter also stated the numbers of signatures required, processed, and accepted for one of the state's three congressional districts, and explained that even if the remaining unprocessed signatures were all accepted, Mr. De La Fuente Guerra could not meet the requirement for that district.

On May 6, Mr. De La Fuente Guerra filed his complaint for injunctive relief and damages, alleging that the secretary violated his constitutional rights by excluding him from the ballot. The district court first denied Mr. De La Fuente Guerra's motion for a temporary restraining order and preliminary injunction. Almost a year later, the court granted the secretary's motion to dismiss, concluding that it lacked subject-matter jurisdiction over many of Mr. De La Fuente Guerra's claims on the bases of sovereign immunity and mootness. However, the court also concluded his claim against the former secretary of state, in his individual capacity, was not jurisdictionally barred. Nor was his claim against the current secretary of

2

state, in her official capacity, to the extent he sought injunctive relief that might assist him in trying to appear on the 2020 ballot.[1]

The court determined these remaining claims failed because Mr. De La Fuente Guerra's complaint lacked factual allegations that would establish a due process violation. The court determined that the secretary's April 13 letter was "sufficiently specific to satisfy the minimum constitutional standards of notice and due process." Aplt. App., Vol. 3 at 54. To the extent Mr. De La Fuente Guerra argued that the secretary misapplied the state's election code, the court further determined that it lacked subject-matter jurisdiction to determine whether state officials properly applied state law in rejecting signatures submitted by Mr. De La Fuente Guerra.

The court later denied Mr. De La Fuente Guerra's motion to amend the judgment because he was attempting to bring a new claim under the National Voter Registration Act, 52 U.S.C. §§ 20501-11, that he had not raised before, and because he failed to identify any new evidence that was unavailable when the judgment was entered.

Mr. De La Fuente Guerra argues that the district court erred by concluding he failed to state a claim because the secretary's explanation for invalidating signatures was inadequate. He also argues that the signatures were improperly invalidated under state law and that the court erred by not accepting as true his allegation that he

---

[1] Mr. De La Fuente Guerra initially sued the former secretary of state, Brad White, who was later substituted by his successor, Maggie Toulouse-Oliver. *See* Fed. R. Civ. P. 25(d).

3

submitted enough valid signatures. He does not appeal the court's determination that it lacked subject-matter jurisdiction over many of his claims or its denial of his motion to amend the judgment.

## II. Analysis

We review de novo the district court's dismissal of a complaint for failure to state a claim. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In ruling on a motion to dismiss for failure to state a claim, all well-pleaded *facts*, as distinguished from conclusory allegations, must be taken as true, and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." *Broker's Choice of Am.*, 861 F.3d at 1105 (brackets and internal quotation marks omitted).

Mr. De La Fuente Guerra first argues that the district court erred by concluding that the secretary's explanation for rejecting the signatures he submitted comported with due process. He cites *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), for the general proposition that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." But Mr. De La Fuente Guerra indisputably had notice that he would not

4

be on the ballot. He also had the opportunity to present his objections to that determination in state court:

> If a candidate is notified by the proper filing officer that [he] is not qualified to have [his] name appear on the ballot, [he] may challenge that decision by filing a petition with the [state] district court within ten days of the notification. The district court shall hear and render a decision on the matter within ten days after the petition is filed.

N.M. Stat. Ann. § 1-8-26(F). We conclude that the notice Mr. De La Fuente Guerra received and the existence of a state-court remedy satisfy the due process requirements.

Mr. De La Fuente Guerra contends that the secretary was required to provide a signature-by-signature accounting to explain why his petition was rejected and that the lack of such an accounting prevented him from being able to take advantage of the state-court remedy outlined above. He concedes that "[i]t is likely that there is no controlling specific application of basic requirements of procedural due process on the facts of this case because only New Mexico refuses to provide what every other Secretary of State provides to candidates—a detailed listing of the reason why each signature was ruled invalid," Aplt. Opening Br. at 19-20. But "the general rule [is] that states have the power to regulate their elections and access to their ballots." *Am. Constitutional Law Found., Inc. v. Meyer*, 120 F.3d 1092, 1097 (10th Cir. 1997). In the absence of authority addressing the process required when a state rejects a petition to be placed on a primary ballot, we decline to infer that due process imposes such a requirement under these circumstances.

5

Mr. De La Fuente Guerra also argues that the district court erred because state officials misapplied state law when they invalidated many of the signatures he submitted. But the court correctly concluded that such an argument cannot be brought in federal court. *See Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995) ("[T]he Eleventh Amendment bars suits brought in federal court seeking to enjoin a state official from violating *state* law."). His argument that the court failed to accept as true his allegation that he submitted enough valid signatures is also unavailing. The court's ruling is based on the rationale that even if the signatures were valid, Mr. De La Fuente Guerra's allegations failed to establish a federal due process violation because he had notice of the secretary's determination and an opportunity to object.

## III.  Conclusion

The district court's judgment is affirmed.

Entered for the Court


Jerome A. Holmes
Circuit Judge